Louis-Martin v. Ridge											Doc. 3

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
:
NICKENSON LOUIS-MARTIN a.k.a. LOUIS-MARTIN :     05 CV 2939 (ARR)(LB)
NICKENSON :
:     <u>NOT FOR</u>
                            Petitioner, :     <u>PUBLICATION</u>
:
     -against- :     <u>OPINION AND ORDER</u>
:
TOM RIDGE, U.S. Department of Homeland Security :
Director et al., :
:
                            Respondent. :
:
------------------------------------------------------------------ X

ROSS, United States District Judge:

On May 27, 2005, Mr. Louis Martin filed the instant motion requesting mandamus relief. Mr. Louis-Martin's history before this court is as follows. By petition dated June 3, 2004, petitioner sought a writ of habeas corpus under 28 U.S.C. § 2241. <u>See</u> 04 Civ. 2371. Because petitioner raised claims in his petition identical to those raised before the U.S. District Court for the Middle District of Pennsylvania ("M.D. Pa"), by order dated January 5, 2005, this court dismissed petitioner's motion as an "abuse of writ." Petitioner subsequently sought reconsideration, which this court denied on May 19, 2005.

In its Opinions of January 5 and May 19, the court noted that the Judge Caputo in the District Court for the Middle District of Pennsylvania "fully considered all of petitioner's claims, denying relief on petitioner's claims of citizenship and nationality, and granting relief upon his claim under the Convention against Torture. <u>Louis-Martin v. Ridge</u>, No. 3:CV-04-0283 (M.D. Pa. March 5, 2004)." Opinion and Order of May 19, 2005.

Dockets.Justia.com

Petitioner now asks this court to compel Immigration and Customs Enforcement to release him from prison. Such relief is unwarranted. Judge Caputo ruled in favor of petitioner on his claim that the Board of Immigration Appeals ("BIA") committed an error of law when it deemed his claim under the Convention Against Torture abandoned. Accordingly, the court "vacat[ed] the decision of the BIA, as well as the Order of the Immigration Judge which ordered Mr. Louis-Martin's removal from the United States to Haiti." Louis-Martin v. Ridge, No. 3:CV-04-0283 (M.D. Pa. March 5, 2004). Judge Caputo "remand[ed] the matter to the Bureau of Immigration and Customs Enforcement ["BICE"] for a determination fo whether Mr. Louis-Martin is eligible for the protections of the Convention." Id.

This court has learned that Mr. Louis-Martin did, indeed, receive a hearing on this matter. Petitioner's request for relief was denied by the Immigration Judge on March 1, 2005. Thus, Mr. Louis-Martin received the relief ordered by Judge Caputo, namely a hearing on the merits of his claim under the Convention Against Torture. Contrary to Mr. Louis-Martin's claim, the IJ determined that he is not entitled to relief thereunder. Because BICE complied with the court's order granting Mr. Louis-Martin a hearing on his claim, Mr. Louis-Martin is not entitled to Mandamus Relief. The petition is therefore denied.[1]

---

[1] Were Mr. Louis-Martin's petition not completely devoid of merit, the court would have directed him that any claim arising out of Judge Caputo's opinion is more appropriately filed in the Middle District of Pennsylvania.

The Clerk of the Court is directed to enter judgment accordingly.

SO ORDERED.

                                                Allyne R. Ross
                                                United States District Judge

Dated: June 28, 2005
       Brooklyn, New York

SERVICE LIST:

*Pro Se Petitioner*
Nickenson Louis-Martin
A 42-310-921
York County Correctional Facility
3400 Concord Rd.
York, PA 17402

*Attorney for the Respondent*
Scott Dunn
Assistant United States Attorney
One Pierrepont Plaza
Brooklyn, NY 11201

cc:   Magistrate Judge Bloom